UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE,                                    )
                                             )
              PLAINTIFF                       )          Civil Action No. 1:13-cv-878 (RDM)
         vs.                                  )
                                             )
DISTRICT OF COLUMBIA,                         )          **JURY TRIAL DEMANDED**
1350 Pennsylvania Ave., NW                    )
Suite 316                                     )
Washington, DC 20004,                         )
                                             )
ROBERT GLADDEN,                               )
*Lieutenant,*                                 )
*in his individual capacity*,                 )
1901 D St., SE                                )
Washington, DC 20003,                         )
                                             )
LONGINUS OGU,                                 )
*Corporal,*                                   )
*in his individual capacity*                  )
1901 D St., SE                                )
Washington, DC 20003,                         )
                                             )
TWAN RHYNE,                                   )
*Former Sergeant,*                            )
*in his individual capacity,*                 )
[ADDRESS REDACTED]                            )
                                             )
                                             )
RONALD N. POPE,                               )
*Former Lieutenant,*                          )
*in his individual capacity,*                 )
[ADDRESS REDACTED]                            )
                                             )
                                             )
JAMES HOLBROOK,                               )
*Lieutenant,*                                 )
*in his individual capacity,*                 )
1901 D St., SE                                )
Washington, DC 20003,                         )
                                             )
              DEFENDANTS                       )
                                             )
_____     )

1

## FIRST AMENDED COMPLAINT

### THE PARTIES

1.      Plaintiff JANE DOE is a citizen of the District of Columbia.

2.      JANE DOE is a transgender woman who has developed breasts and undergone hormone therapy.  At all times relevant to this Complaint, JANE DOE was feminine-appearing with developed breasts, was 20 years old, and had a slight build.

3.      JANE DOE is not currently incarcerated.

4.      The Department of Corrections (DOC) is an agency of Defendant DISTRICT OF COLUMBIA, which is a municipal corporation.  The DOC operates the Central Detention Facility (CDF), also known as D.C. Jail.

5.      Defendants GLADDEN, OGU, ADJANLA, RHYNE, POPE, and HOLBROOK, are and were, at all times relevant to this Complaint, employed by the DISTRICT OF COLUMBIA.  At all times relevant to this Complaint, GLADDEN, OGU, ADJANLA, RHYNE, POPE, and HOLBROOK were acting under color of District law within the scope of their employment at the DOC.  GLADDEN, OGU, ADJANLA, RHYNE, POPE, and HOLBROOK are sued in their individual capacities.

### JURISDICTION AND VENUE

6.      This action arises under 42 USC § 1983 and the District of Columbia common law.

7.      This Court has jurisdiction over the parties and subject matter pursuant to 28 USC §§ 1331 and §1367(a).

8.      Venue is proper in this district pursuant to 28 USC § 1391(b)(2) because the events or omissions giving rise to this action occurred in the District of Columbia.

<u>STATEMENT OF FACTS</u>

9.      On June 25, 2012, Plaintiff JANE DOE pled guilty to one count of "Contempt – Condition of Release Violation" and one count of "Unlawful Entry."  The same day, her probation was revoked in another case in which she had been convicted of "Bail Reform Act – Misdemeanor."

10.      Plaintiff JANE DOE had been incarcerated at the District of Columbia D.C. Jail since June 21, 2012 as a pretrial detainee.  After her sentencing on June 25, 2012, her classification changed to "Sentenced Medium."  This classification remained in effect at all times relevant to this Complaint.

11.      Plaintiff JANE DOE was identified by DOC officials during intake as a transgender female.  Accordingly, the entry for JANE DOE in the DOC's computerized Offender Management System contained an alert indicating that she is "TRANSGENDER."

12.      On July 17, 2012, at approximately 8:10 p.m., POPE, HOLBROOK, GLADDEN, ADJANLA and OGU were conducting cell reassignment for several inmates housed in North One (NO1).  The reassignment consisted of a mass move of inmates in protective custody.

13.      On July 17, 2012, at approximately 8:12 p.m., inmate Leonard Johnson was moved from NO1 cell 53 to NO1 cell 22.

14.      On July 17, 2012, at approximately 8:25 p.m., Plaintiff JANE DOE was moved from NO1 cell 57 to NO1 cell 24.

15.     On July 18, 2012, at approximately 1:34 a.m., GLADDEN had a conversation with inmate Leonard Johnson.

16.     On July 18, 2012, at approximately 1:50 a.m., GLADDEN and OGU moved inmate Leonard Johnson from NO1 cell 22 to NO1 cell 24, where Plaintiff JANE DOE was already located.

17.     As of July 17 and 18, 2012, Plaintiff JANE DOE was on "House Alone" status and should not have had another inmate placed into her cell.

18.     On July 18, 2012, at approximately 2:45 a.m., inmate Leonard Johnson was removed from NO1 cell 24.

19.     On July 18, 2012, at approximately 3:02 a.m., OGU moved inmate Leonard Johnson back into cell 24, where Plaintiff JANE DOE was already located.

20.     Plaintiff JANE DOE asked OGU to remove inmate Leonard Johnson from her cell because she feared for her safety.

21.     On July 18, 2012, at approximately between 3:02 a.m. and 4:00 a.m., inmate Leonard Johnson raped Plaintiff JANE DOE by inserting his penis into her rectum against her will.  Plaintiff JANE DOE asked inmate Leonard Johnson several times to stop the act, but he continued to rape her while pinning her to the bed.

22.     Defendants ADJANLA and OGU were the #1 shift officers assigned to conduct a security check on the lower left tier of NO1 (where cell 24 is located) after breakfast was served.  However, neither ADJANLA nor OGU nor any other DOC employee conducted a security check of the area during the #1 shift.  As a result of this and other security failures, the sexual assault on Plaintiff JANE DOE was not prevented or stopped.

23.     Defendant RHYNE was the #1 shift Officer in Charge for the lower left tier of NO1 (where cell 24 is located) and was responsible for approving or disapproving

4

of inmate transfers. Defendant RHYNE also was in the "bubble" during the #1 shift and was watching on video or should have been watching on video all transfers of inmates and security checks in the lower left tier of NO1. Defendant RHYNE was told of the proposed transfer of Leonard Johnson to JANE DOE's cell and either approved it or failed to disapprove it. Defendant RHYNE saw or should have seen the transfer on video and failed to ensure that Leonard Johnson and JANE DOE would not be placed into a cell together.

24.     On July 18, 2012, at approximately 8:04 a.m., Cpl. Kiana Reid noticed that Plaintiff JANE DOE was in NO1 cell 24 with inmate Leonard Johnson despite her being on "House Alone" status.  Cpl. Reid notified her superior about the situation and then promptly removed inmate Leonard Johnson and placed him in the NO1 holding cage until another cell was found for him.

25.     On July 18, 2012, at approximately 3:30 p.m., Plaintiff JANE DOE met with Ms. Budd, the transgender coordinator, and Ms. Hawkins.

26.     On July 18, 2012, at approximately 3:45 p.m., Plaintiff JANE DOE was taken to the infirmary and subsequently transferred to Washington Hospital Center.

27.     At the hospital, a nurse performed a S.A.N.E. (Sexual Assault Nurse Examiner) exam.

28.     As a result of the rape, Plaintiff JANE DOE suffered rectal bleeding and discomfort, physical pain, anxiety, PTSD (post-traumatic stress disorder), and other physical and mental injuries.

29.     Defendants GLADDEN, OGU, ADJANLA, RHYNE, POPE, and HOLBROOK knew that Plaintiff JANE DOE was on "House Alone" status and that she was and is a transgender female based on their having seen a large sign in NO1 which

indicated that Plaintiff JANE DOE was "transgender" and that she was on "House Alone" status.

30.     Defendants GLADDEN, OGU, ADJANLA, RHYNE, POPE, and HOLBROOK, further knew that Plaintiff JANE DOE was on "House Alone" status and that she was and is a transgender female based on having viewed her inmate file and/or the entry for JANE DOE in the computerized Offender Management System.

31.     Despite the known and substantial risks of doing so, Defendants GLADDEN, OGU, ADJANLA, RHYNE, POPE, and HOLBROOK placed, caused to be placed, or failed to prevent the placement of inmate Leonard Johnson into the cell with Plaintiff JANE DOE, despite having a duty to do so.

32.     Despite the known and substantial risks of doing so, Defendants GLADDEN, OGU, ADJANLA, RHYNE, POPE, and HOLBROOK failed to adequately monitor the cell into which Leonard Johnson and Plaintiff JANE DOE had been placed.


COUNT I:
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(All defendants)

33.     This Count realleges and incorporates by reference all of the preceding paragraphs.

34.     By intentionally placing inmate Leonard Johnson into the cell with Plaintiff JANE DOE and deliberately leaving them in the cell together unattended, Defendants proximately caused Plaintiff JANE DOE's emotional distress.

35.     The DISTRICT OF COLUMBIA is liable for the acts of its employees under the doctrine of *respondeat superior*.

36.     Plaintiff JANE DOE, through counsel, timely submitted the required notice of claim pursuant to D.C. Code § 12-309.

<u>COUNT II:</u>
<u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>
(All defendants)

37.     This Count realleges and incorporates by reference all of the preceding paragraphs.

38.     A special relationship existed between Plaintiff JANE DOE and the defendants by virtue of her being in DOC custody and therefore unable to defend herself or escape from her attacker.

39.     In the alternative, if Defendants' actions and omissions were not intentional and deliberate, they were negligent.

40.     By negligently placing inmate Leonard Johnson into the cell with Plaintiff JANE DOE and failing to monitor the cell, both actions being in violation of the applicable standards of care, the Defendants were negligent and thereby proximately caused Plaintiff JANE DOE's emotional distress.

41.     The DISTRICT OF COLUMBIA is liable for the acts of its employees under the doctrine of *respondeat superior*.

42.     Plaintiff JANE DOE, through counsel, timely submitted the required notice of claim pursuant to D.C. Code § 12-309.

<u>COUNT III:</u>
<u>NEGLIGENCE</u>
(All defendants)

43.     This Count realleges and incorporates by reference all of the preceding paragraphs.

44.     If Defendants' actions and omissions were not intentional and deliberate, they were negligent.

7

45.     Defendants' actions were in violation of the applicable standards of care and the Defendants were negligent and thereby proximately caused Plaintiff JANE DOE's injuries.

46.     The DISTRICT OF COLUMBIA is liable for the acts of its employees under the doctrine of *respondeat superior*.

47.     Plaintiff JANE DOE, through counsel, timely submitted the required notice of claim pursuant to D.C. Code § 12-309.

COUNT IV:
EIGHTH AMENDMENT (42 U.S.C. § 1983)
(Defendants GLADDEN, OGU, ADJANLA, RHYNE, POPE, and HOLBROOK)

48.     This Count realleges and incorporates by reference all of the preceding paragraphs.

49.     Defendants GLADDEN, OGU, ADJANLA, RHYNE, POPE, and HOLBROOK were deliberately indifferent to the substantial risk of harm to Plaintiff JANE DOE that would result from placing inmate Leonard Johnson into the cell with her and failing to adequately monitor the cell.

50.     The failure to protect Plaintiff JANE DOE from Leonard Johnson constituted cruel and unusual punishment in violation of the Eighth Amendment.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendants' conduct to be unlawful;

(2) Award Plaintiff compensatory damages in an amount to be determined at trial;

(3) Award Plaintiff punitive damages against all Defendants except Defendant

DISTRICT OF COLUMBIA, in an amount to be determined at trial;

(4) Grant Plaintiff an award of attorney fees and other litigation costs reasonably

incurred in this action;

(5) Grant Plaintiff such other and further relief which the Court deems proper.

<u>JURY TRIAL</u>

Plaintiff demands a jury trial for all issues that may be tried by jury.

Respectfully Submitted,

  /s/ Jeffrey L. Light_____
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*